**WEILAND GOLDEN GOODRICH LLP**
Jeffrey I. Golden, State Bar No. 133040
jgolden@wgllp.com
Beth E. Gaschen, State Bar No. 245894
bgaschen@wgllp.com
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Telephone    714-966-1000
Facsimile    714-966-1002

Attorneys for Chapter 7 Trustee
Weneta M.A. Kosmala

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SANTA ANA DIVISION**

| | |
|---|---|
| In re<br><br>STYLES FOR LESS, INC., a California corporation,<br><br>         Debtor. | Case No. 8:17-bk-14396-ES<br><br>Chapter 7<br><br>**NOTICE OF MOTION AND MOTION OF CHAPTER 7 TRUSTEE FOR AN ORDER APPROVING THE SALE OF CERTAIN ASSETS OF THE DEBTOR'S ESTATE FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES PURSUANT TO 11 U.S.C. §§ 105 AND 363 AND RELATED RELIEF; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF WENETA M.A. KOSMALA IN SUPPORT THEREOF**<br><br>Date:  July 21, 2022<br>Time:  10:30 a.m.<br>Place:  Courtroom 5A – Via ZoomGov |

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

1370597.1

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000    Fax 714-966-1002

**TO THE HONORABLE ERITHE A. SMITH, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL OTHER INTERESTED PARTIES:**

**PLEASE TAKE NOTICE** that Weneta M.A. Kosmala, chapter 7 trustee ("Trustee" or "Seller") for the bankruptcy estate ("Estate") of the captioned debtor, hereby brings this motion ("Motion") pursuant to 11 U.S.C. §§ 363(b), (f), and (m), Rule 6004 of the Federal Rules of Bankruptcy Procedure, and Local Bankruptcy Rule 6004-1(c), for entry of an order approving the sale of the Estate's right, title, and interest in and to the remaining property of the Estate, consisting of known and unknown assets or claims, which have not been previously sold, assigned, or transferred (collectively, "Remnant Assets"), subject to certain exclusions as set forth herein, free and clear of liens, claims, interests and encumbrances.

**PLEASE TAKE FURTHER NOTICE** that the Trustee has agreed, subject to the Court's approval, to sell the Remnant Assets to Oak Point Partners, LLC, a Delaware limited liability company ("Oak Point"), on the terms set forth in the asset purchase agreement ("Purchase Agreement"), attached as **Exhibit "A"** to the Declaration of Weneta M.A. Kosmala ("Declaration").  Oak Point's address is 5215 Old Orchard Rd., Suite 1000, Skokie, Illinois, 60077. Pursuant to the terms of the Purchase Agreement, Oak Point shall pay the Estate $15,000 ("Purchase Price") for the Remnant Assets.  The Purchase Price shall be due within three business days after the Court enters an order approving this Motion.  The Remnant Assets specifically exclude: (a) cash held at the time of the Purchase Agreement in the Trustee's fiduciary bank account for the Debtor's case; provided, however, that any cash that exists in such bank account one year from the date of the closing of the Debtor's case, except as provided in sub provision (b) herein, shall be Remnant Assets; (b) any returned or undeliverable creditor claim distribution checks that require administration in accordance with 11 U.S.C. § 347(a); (c) any and all Goods[1] (e.g., office furniture) of the Debtor; (d) the books and records used by the Debtor in the ordinary course of business, but excluding any recent statements, notices or correspondence received by the

---

[1] The term "Goods" as used herein shall have the meaning ascribed to it under § 9-102(a)(44) of the Uniform Commercial Code.

Seller relating to Remnant Assets specifically acquired in this Purchase Agreement; and (e) the Purchase Price.  The only contingency to which the sale is subject is this Court's approval.  The Estate will not have to pay any commissions, fees, or other costs of sale, except for the cost of filing and serving the Motion and related documents.

**PLEASE TAKE FURTHER NOTICE** that the sales of the Remnant Assets to Oak Point pursuant to the terms set forth herein and in the Purchase Agreement are subject to overbid.  In the event a party other than Oak Point (each, a "Competing Bidder") wishes to purchase the Remnant Assets, the Trustee requests that the Court approve the following overbid procedures (collectively, "Bidding Procedures"):

    a.  Each Competing Bidder who wants to participate in the overbid process must submit an overbid in writing to the Trustee and Oak Point on or before two days prior to the hearing on the Motion (i.e., July 19, 2022, the "Response Deadline");

    b.  the first overbid by a Competing Bidder for the Remnant Assets must be at least $3,750 more than the Purchase Price, or a total of $18,750;

    c.  each Competing Bidder must also submit a Cashier's Check to the Trustee in the amount of such Competing Bidder's first overbid at the time such overbid is submitted;

    d.  any Competing Bidder for the Remnant Assets must purchase the Remnant Assets under the same terms and conditions set forth in the Purchase Agreement, other than the Purchase Price;

    e.  in the event the Trustee receives a qualified overbid that meets the foregoing conditions ("Qualified Overbid"), the Trustee will notify Oak Point and any Competing Bidders and an auction will be held at the hearing on this Motion on July 21, 2022 at 10:30 a.m.;

    f.  each subsequent overbid will be in $500 increments; and

    g.  at the time of the hearing on the Motion, the Trustee will request that the Court approve the winning bidder as the purchaser and may designate a back-up bidder.  If no Qualified Overbid is received, the Trustee will request that the Court grant the

**Weiland Golden Goodrich LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

1  Motion and approve the sale of the Remnant Assets to Oak Point pursuant to the

2  terms of the Purchase Agreement.

3      h.  Any deposit received by the Trustee from a Competing Bidder that is not the

4  successful bidder will be returned to the Competing Bidder.

5  **PLEASE TAKE FURTHER NOTICE** that the Trustee believes the proposed sale is in the

6  best interest of the Estate and should be approved under 11 U.S.C. § 363(b).  There may be a single

7  asset consisting of a potential recovery from a class action lawsuit for which there are no other

8  offers to purchase, and the timing of resolution is uncertain.  Therefore, in the absence of the Oak

9  Point purchase offer, the Estate likely would have derived no economic benefit from the Remnant

10  Assets.  In contrast, the proposed sale will provide the Estate with an immediate cash payment.

11  The sale will also complete the administration of the Estate's assets, permitting the trustee to file

12  the final report, distribute the funds in the Estate, and close the case.

13  **PLEASE TAKE FURTHER NOTICE** that the Trustee seeks a waiver of the 14-day stay

14  on the effectiveness of the sale order imposed by Federal Rule of Bankruptcy Procedure 6004(h) so

15  that the sale can close immediately.

16  **PLEASE TAKE FURTHER NOTICE** that the Trustee does not anticipate that the sale

17  will create any tax consequences for the Estate.

18  **PLEASE TAKE FURTHER NOTICE** that this Motion is based upon the accompanying

19  Memorandum of Points and Authorities and Declaration, and any additional evidence, grounds, and

20  argument that may be properly presented to the Court.

21  **PLEASE TAKE FURTHER NOTICE** that any response or opposition to this Motion

22  must be in writing, must otherwise comply with Local Bankruptcy Rule 9013, and must be filed

23  with the Court and served upon (i) the Trustee, (ii) her counsel at the address set forth in the upper

24  left-hand corner of the first page of this Notice; (iii) Oak Point (by mail and email), Janice A.

25  Alwin, Chief Legal Officer, Oak Point Partners, LLC, 5215 Old Orchard Rd., Suite 1000, Skokie,

26  IL 60077, janice@oakpointpartners.com, and (iv) the Office of the United States Trustee no later

27  than fourteen (14) days before the date of the hearing on this Motion ("Response Deadline").  A

28  judge's copy of the opposition must be delivered to the chambers of the Honorable Erithe A. Smith

**Weiland Golden Goodrich LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

1370597.1

4

if over 200 pages, including exhibits.  Pursuant to Local Bankruptcy Rule 9013-1(h), the failure to timely file and serve a written opposition may be deemed by the Court to be consent to the granting of the relief requested herein.

**PLEASE TAKE FURTHER NOTICE** that a hearing on the Motion is scheduled to occur on July 21, 2022, at 10:30 a.m. (prevailing Pacific Time).

**PLEASE TAKE FURTHER NOTICE** that because of the COVID-19 pandemic, the Court will conduct the hearing using ZoomGov audio and video technology. Information on how to participate in the hearing using ZoomGov is provided below:

1.      Hearing participants and members of the public may participate in and/or observe the hearing using ZoomGov, free of charge.

2.      Individuals may connect by ZoomGov audio and video using a personal computer (equipped with camera, microphone and speaker), or a handheld mobile device with an integrated camera, microphone and speaker (such as an iPhone, iPad, Android phone or Android tablet). The connection can be initiated by entering the "Meeting URL" into a web browser on any of these devices, provided the device is connected to the Internet. Individuals connecting in this manner will be prompted for the Meeting ID and Password shown below.

3.      Individuals also may connect to the hearing by telephone only, using the telephone number provided below. Individuals connecting in this manner also will be prompted for the Meeting ID and Password.

4.      Neither a Zoom nor a ZoomGov account is necessary to participate in or observe the hearing, and no pre-registration is required.

5.      The audio portion of the hearing will be recorded electronically by the Court and constitute its official record.

6.      All persons are strictly prohibited from making any other recording of court proceedings, whether by video, audio, "screenshot," or otherwise. Violation of this prohibition may result in the imposition of monetary and non-monetary sanctions.

7.      The following is the unique ZoomGov connection information for the above referenced hearing:

1370597.1

5

NOTICE OF MOTION AND MOTION

1    Meeting URL: https://cacb.zoomgov.com/j/1610141306

2    Meeting ID: 161 014 1306

3    Password: 644417

4    Telephone conference lines: 1 (669) 254-5252 or 1 (646) 828-7666

5        8.      More information on using ZoomGov to participate in this hearing is available on

6    the Court's website at the following web address: https://www.cacb.uscourts.gov/news/zoom-

7    video-hearing-guide-participants.

8                                        Respectfully submitted,

9    Dated:  June 27, 2022              WEILAND GOLDEN GOODRICH LLP

10

11                                      By:   */s/ Beth E. Gaschen*
                                             JEFFREY I. GOLDEN
12                                           BETH E. GASCHEN
                                             Attorneys for Chapter 7 Trustee
13                                           Weneta M.A. Kosmala

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1370597.1

NOTICE OF MOTION AND MOTION

*Weiland Golden Goodrich LLP*
*650 Town Center Drive, Suite 600*
*Costa Mesa, California 92626*
*Tel 714-966-1000   Fax 714-966-1002*

1

# TABLE OF CONTENTS

2
**Page**

3   I.    JURISDICTION ................................................................................................................. 1

4   II.   BACKGROUND ................................................................................................................. 1

5   III.  SUMMARY OF THE TERMS OF THE PURCHASE AGREEMENT ............................ 3

6   IV.   BIDDING PROCEDURES ................................................................................................ 4

7   V.    THE TRUSTEE MAY SELL PROPERTY OF THE ESTATE PURSUANT
       TO 11 U.S.C. § 363(B) ..................................................................................................... 5
8
    VI.   THE TRUSTEE MAY SELL THE REMNANT ASSETS FREE AND
9        CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES ................................................ 7

10  VII.  OAK POINT SHOULD BE DEEMED A "GOOD FAITH PURCHASER"
       PURSUANT TO 11 U.S.C. § 363(M) ............................................................................... 9
11
    VIII. THE COURT HAS THE AUTHORITY TO IMPLEMENT THE
12       PROPOSED OVERBID PROCEDURES ........................................................................... 9

13  IX.   TAX CONSEQUENCES OF THE SALE .......................................................................... 10

14  X.    WAIVER OF STAY OF ORDER ....................................................................................... 10

15  XI.   APPROPRIATE NOTICE OF THE SALE IS PROPOSED ............................................. 11

16  XII.  CONCLUSION ................................................................................................................... 11

17

18

19

20

21

22

23

24

25

26

27

28

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

1370597.1

i

# TABLE OF CONTENTS

**Page**

**Cases**

*Cello Bag Co. Inc. v. Champion Int'l Corp. (In re Atlanta Packaging Prods., Inc.)*,
    99 B.R. 124, (Bankr. N.D. Ga. 1988) .................................................................. 6

*Comm. of Equity Sec. Holders v. Lionel Corp.*,
    722 F.2d 1063 (2d Cir. 1983) ........................................................................... 5

*Community Thrift & Loan v. Suchy (In re Suchy)*,
    786 F.2d 900 (9th Cir. 1985) ........................................................................... 9

*Ewell v. Diebert (In re Ewell)*,
    958 F.2d 276 (9th Cir. 1992) ........................................................................... 9

*GBL Holding Co., Inc. v. Blackburn/Travis/Cole, Ltd.*,
    331 B.R. 251 (N.D. Tex. 2005) ........................................................................ 6

*In re Abbott's Dairies of Pa., Inc.*,
    788 F.2d 143 (3d Cir. 1986) ........................................................................... 5

*In re Abbotts Dairies of Pennsylvania, Inc.*,
    788 F.2d 143 (3d Cir. 1986) ........................................................................... 9

*In re Baldwin United Corp.*,
    43 B.R. 888 (Bankr. S.D. Ohio 1984) ............................................................. 6

*In re Chateaugay Corp.*,
    973 F.2d 141 (2d Cir. 1992) ........................................................................... 6

*In re Crown Corporation*,
    679 F.2d 774 (9th Cir. 1982) ......................................................................... 10

*In re Del. & Hudson Ry. Co.*,
    124 B.R. 169 (Bankr. D. Del. 1991) ............................................................... 5

*In re Financial News Network Inc.*,
    931 F.2d 217 (2d Cir. 1991) ......................................................................... 10

*In re Food Barn Stores, Inc.*,
    107 F.3d 558 (8th Cir. 2010) ......................................................................... 6

*In re Integrated Resources, Inc.*,
    147 B.R. 650 (Bankr. S.D.N.Y. 1992) ............................................................ 6

*In re Ionosphere Clubs, Inc.*,
    100 B.R. 670 (Bankr. S.D.N.Y. 1989) ............................................................ 5

*In re Lajijani*,
    325 B.R. 282 (B.A.P. 9th Cir. 2005) ............................................................... 6

**Weiland Golden Goodrich LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000    Fax 714-966-1002

# TABLE OF AUTHORITIES

**Page**

*In re Martin (Myers v. Martin),*
    91 F.3d 389 (3d Cir. 1996) ................................................................................. 5

*In re Phoenix Steel Corp.,*
    82 B.R. 334 (Bankr. D. Del. 1987) ....................................................................... 6

*In re Shary,*
    152 B.R. 724 (Bankr. N.D. Ohio 1993) ................................................................ 8

*In re Tabore, Inc.,*
    175 B.R. 855 (Bankr. D. N.J. 1994) ..................................................................... 8

*In re WPRV-TV, Inc.,*
    143 B.R. 315 (D.P.R. 1991) .................................................................................. 6

*Stephens Indus., Inc. v. McClung,*
    789 F.2d 386 (6th Cir. 1986) ................................................................................ 5

*Veltman v. Whetzal,*
    93 F.3d 517 (8th Cir. 1996) .................................................................................. 8

**Statutes**

11 U.S.C. § 363 ............................................................................................................... 1

11 U.S.C. § 363(b)(1) .................................................................................................. 5, 9

11 U.S.C. § 363(f) ........................................................................................................... 7

11 U.S.C. § 363(f)(2) ...................................................................................................... 8

11 U.S.C. § 363(m) ......................................................................................................... 9

11 U.S.C. § 105(a) ................................................................................................... 1, 5, 9

28 U.S.C. § 1334 ............................................................................................................. 1

28 U.S.C. § 1409 ............................................................................................................. 1

28 U.S.C. § 157 ............................................................................................................... 1

28 U.S.C. § 157(b)(2)(A) ................................................................................................ 1

28 U.S.C. § 1408 ............................................................................................................. 1

**Rules**

Fed. R. Bankr. P. 6004(h) ............................................................................................. 10

Fed. R. Bankr. P. 6004 .................................................................................................... 1

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000    Fax 714-966-1002

NOTICE OF MOTION AND MOTION

1

# **TABLE OF AUTHORITIES**

2                                                                                                                    **Page**

3    Fed. R. Bankr. P. 2002...................................................................................................................... 1

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

1370597.1

iii

NOTICE OF MOTION AND MOTION

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2

**I.    JURISDICTION**

3        The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This

4  matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).  Venue of this proceeding and

5  this Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory

6  predicates for the relief sought herein are 11 U.S.C. §§ 105(a) and 363, as well as Rules 2002 and

7  6004 of the Federal Rules of Bankruptcy Procedure.

8

**II.    BACKGROUND**

9        On or about November 6, 2017, the Debtor filed a voluntary petition for relief under chapter

10  11 of the Bankruptcy Code.  On or about September 11, 2018, the Debtor's bankruptcy case was

11  converted to one under chapter 7 of the Bankruptcy Code, and on or about September 12, 2018, the

12  Trustee was appointed as chapter 7 trustee for the Debtor's Estate.

13        Since being appointed, the Trustee has administered the Debtor's Estate for the benefit of

14  its creditors in accordance with the Trustee's power and duties.  The Trustee is now in the process

15  of winding down the administration of this case.  To that end, the Trustee is engaged in efforts to

16  ensure that the maximum value of the Estate's remaining assets is realized, which efforts include

17  pursuing the sale of any remaining assets.

18        The Trustee has determined that there might exist property of the Debtor's Estate,

19  consisting of known or unknown assets or claims, which have not been previously sold, assigned,

20  or transferred (previously defined as, "Remnant Assets").  Potential unknown assets might include

21  unscheduled refunds, overpayments, deposits, judgments, claims, or other payment rights that

22  would accrue in the future.

23        The Trustee has conducted due diligence and is aware of one potential Remnant Asset.  The

24  Estate is a class member in, and a potential beneficiary of, a consolidated class action lawsuit

25  known as In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation (Case

26  No. 1:05-md-01720-MKB-VMS), filed in the United States District Court for the Eastern District

27  of New York ("Litigation") in which all businesses that accepted Visa and/or MasterCard between

28  January 2004 and January 2019 are eligible claimants.  If there is a judgment in favor of the

**Weiland Golden Goodrich LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000    Fax 714-966-1002

1370597.1

NOTICE OF MOTION AND MOTION

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1    plaintiffs in the Litigation and such Litigation results in a settlement, or the Litigation and the

2    operative facts, causes of action and/or types of claims for relief alleged therein are otherwise

3    resolved in any way or by any forum in favor of putative class members, the Estate may be entitled

4    to a monetary recovery.  As a member of the plaintiff class ("Class") in the Litigation, the Trustee

5    has a right, now or in the future, to benefits arising from the Litigation, including the right to a

6    monetary recovery.  The settlement of the Litigation currently is on appeal, and the timing of the

7    resolution of that appeal and/or the Litigation is uncertain.  This asset was not listed by the Debtor

8    in its bankruptcy schedules.  The Trustee received a previous offer on the Litigation that was

9    withdrawn.  Based upon the uncertainty as to any collection on the Litigation, the timing of any

10   such payout, and the fact that the only party interested in making an offer on the Litigation

11   withdrew the offer, the Trustee has determined that the cost of pursuing the Remnant Assets will

12   likely exceed the benefit that the Estate would possibly receive on account of the Remnant Assets.

13       Remnant Asset sales have become commonplace at the close of commercial bankruptcy

14   cases because they allow for additional funds to be brought into the estate, while simultaneously

15   avoiding the expense and burdens associated with reopening cases for later-discovered assets. Such

16   sales provide a prudent way to fully and finally administer all assets of a debtor's estate.[2]

17       The Trustee and Oak Point have negotiated the Purchase Agreement for the sale of the

18   Remnant Assets, substantially in the form attached as **Exhibit A** to the Declaration.

19

20

21

_____

22       [2] For remnant asset sales previously approved in this Court, see *In re Raymond Express International, LLC*, Case
No. 2:18-BK-11909-ER, Dkt. No. 150 (Dec. 3, 2020); *In re Winters-Schram & Associates*, Case No. 1:19-bl-11777-

23   VK, Dkt. No. 66 (Sept. 29, 2020); *In re Golden Vista Construction, Inc.*, Case No. 2:17-bk-22362-BB, Dkt. No. 161
(Apr. 15, 2020); *In re JW Wireless Inc.*, Case No. 2:16-BK-16496-ER, Dkt. No. 96 (Feb. 14, 2020)*; In re Stellar*

24   *Connections, Inc.*, Case No. 2:16-bk-16495-VZ, Dkt. No. 70 (Feb. 14, 2020); *In re Corona Care Convalescent
Corporation*, Case No. 2:13-bk-28497-RK (Dec. 4, 2019); *In re Silla Automotive, LLC*, Case No. 2:17-bk-14364-ER,

25   Dkt. No. 187 (Sept. 5, 2019); *In re Sheffield Manufacturing, Inc.*, Case No. 1:16-bk-10909-MT, Dkt. No. 30 (Apr. 24,
2019); *In re Fortune Manufacturing, Inc.*, Case No. 1:16-bk-10933-MT, Dkt. No. 36 (Apr. 24, 2019); *In re Genius*

26   *Products, LLC*, Case No. 2:11-bk-62283-BB, Dkt. No. 207 (Dec. 19, 2018); *In re Robert W. Hunt, MD*, Case No. 2:11-
BK-58228-ER, Dkt. No. 681 (Sept. 21, 2018); *In re KSL Media, Inc., et al.*, Case No. 1:13-bk-15929-MB, Dkt. No.

27   2661 (Aug. 16, 2018); *In re PCA Aerostructures Company*, Case No. 8:16-bk-10738-SC, Dkt. No. 101 (Jul. 20, 2018);
*In re Notis Enterprises, Inc.*, Case No. 1:16-bk-11388-MT, Dkt. No. 34 (May 25, 2018); and *In re IndyMac Bancorp*

28   *Inc.*, Case No. 2:08-bk-21752-BB, Dkt. No. 995 (Jun. 15, 2016).

**III.     SUMMARY OF THE TERMS OF THE PURCHASE AGREEMENT**

Oak Point, whose address is 5215 Old Orchard Rd., Suite 1000, Skokie, Illinois, 60077, has offered to Purchase the Remnant Assets, and the Trustee has accepted that offer.  The salient terms of the Purchase Agreement are as follows:

    a.   The Purchase Agreement and sale are subject to and contingent upon entry of an order approving the Purchase Agreement.

    b.   The Trustee agrees to sell, assign, transfer, and convey to Oak Point all of the Trustee's right, title and interest under, in and to the Remnant Assets, as well as any and all claims and rights related to the Remnant Assets, including, without limitation, all cash, securities, instruments and other property that may be paid or issued in conjunction with the Remnant Assets and all amounts, interest, and costs due under the Remnant Assets, for the Purchase Price of $15,000 for all Remnant Assets to be paid by Oak Point to the Trustee for the benefit of the Debtor's Estate within 3 business days after the Court enters an order approving this Motion.

    c.   The Remnant Assets specifically exclude (a) cash held at the time of the Purchase Agreement in the Trustee's fiduciary bank account for the Debtor's case; provided, however, that any cash that exists in such bank account one year from the date of the closing of the Debtor's case, except as provided in sub provision (b) herein, shall be Remnant Assets; (b) any returned or undeliverable creditor claim distribution checks that require administration in accordance with 11 U.S.C. § 347(a); (c) any and all Goods[3] (e.g., office furniture) of the Debtor; (d) the books and records used by the Debtor in the ordinary course of business, but excluding any recent statements, notices or correspondence received by the Seller relating to Remnant Assets specifically acquired in this Agreement; and (e) the Purchase Price for the Remnant Assets.

---

[3] The term "Goods" as used herein shall have the meaning ascribed to it under § 9-102(a)(44) of the Uniform Commercial Code.

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

d.   The sale is as is, where is, without any representations or warrants, but free and clear of any and all liens, claims, or encumbrances, pursuant to 11 U.S.C. §§ 363(b) and (f).

The complete terms of the sale are set out in the Purchase Agreement which is attached to the Declaration as **Exhibit A**.

## IV.   **BIDDING PROCEDURES**

While the Trustee is prepared to consummate the sale of the Remnant Assets to Oak Point pursuant to the terms set forth herein and in the Purchase Agreement, in the event a party other than Oak Point (each, a "Competing Bidder") wishes to purchase the Remnant Assets, the Trustee requests that the Court approve the following overbid procedures (collectively, "Bidding Procedures"):

a.   Each Competing Bidder who wants to participate in the overbid process must submit an overbid in writing to the Trustee and Oak Point on or before two days prior to the hearing on the Motion (i.e., July 19, 2022, the "Response Deadline");

b.   the first overbid by a Competing Bidder for the Remnant Assets must be at least $3,750 more than the Purchase Price, or a total of $18,750;

c.   each Competing Bidder must also submit a Cashier's Check to the Trustee in the amount of such Competing Bidder's first overbid at the time such overbid is submitted;

d.   any Competing Bidder for the Remnant Assets must purchase the Remnant Assets under the same terms and conditions set forth in the Purchase Agreement, other than the Purchase Price;

e.   in the event the Trustee receives a qualified overbid that meets the foregoing conditions ("Qualified Overbid"), the Trustee will notify Oak Point and any Competing Bidders and an auction will be held at the hearing on this Motion on July 21, 2022 at 10:30 a.m.;

f.   each subsequent overbid will be in $500 increments; and

**Weiland Golden Goodrich LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

1370597.1

4

g.  at the time of the hearing on the Motion, the Trustee will request that the Court approve the winning bidder as the purchaser and may designate a back-up bidder. If no Qualified Overbid is received, the Trustee will request that the Court grant the Motion and approve the sale of the Remnant Assets to Oak Point pursuant to the terms of the Purchase Agreement.

h.  Any deposit received by the Trustee from a Competing Bidder that is not the successful bidder will be returned to the Competing Bidder.

The Trustee believes that the sale of the Remnant Assets in accordance with the terms of the Purchase Agreement, and as provided herein, serves the best interests of the Debtor's Estate and creditors, as the sale will allow the Trustee to realize additional funds for the benefit of the Estate. Accordingly, the sale to Oak Point should be approved as requested.

## V.  THE TRUSTEE MAY SELL PROPERTY OF THE ESTATE PURSUANT TO 11 U.S.C. § 363(B)

Section 363(b)(1) of the Bankruptcy Code provides that "[t]he trustee, after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1).  Moreover, section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]."  11 U.S.C. § 105(a).

To approve the use, sale or lease of property outside the ordinary course of business, the Court must find that such sale is supported by the sound business judgment of the debtor or trustee, as the case may be.  *See In re Martin (Myers v. Martin)*, 91 F.3d 389, 395 (3d Cir. 1996); *In re Abbott's Dairies of Pa., Inc.*, 788 F.2d 143 (3d Cir. 1986) (requiring good faith purchasing); *Stephens Indus., Inc. v. McClung*, 789 F.2d 386, 391 (6th Cir. 1986); *Comm. of Equity Sec. Holders v. Lionel Corp.*, 722 F.2d 1063 (2d Cir. 1983); *In re Del. & Hudson Ry. Co.*, 124 B.R. 169, 176 (Bankr. D. Del. 1991) (holding that transactions should be approved under section 363(b)(1) when: (a) they are supported by the sound business judgment of a debtor's management; (b) interested parties are provided with adequate and reasonable notice; (c) the sale price is fair and reasonable; and (d) the purchaser is acting in good faith); *In re Ionosphere Clubs, Inc.*, 100 B.R. 670, 675

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

1 (Bankr. S.D.N.Y. 1989); and *In re Phoenix Steel Corp.*, 82 B.R. 334, 335 (Bankr. D. Del. 1987)

2 (stating that the elements necessary for approval of a section 363 sale in a chapter 11 case are "that

3 the proposed sale is fair and equitable, that there is a good business reason for completing the sale

4 and the transaction is in good faith.").

5      A trustee's showing of sound business judgment, in turn, need not be unduly exhaustive;

6 instead the trustee is "simply required to justify the proposed disposition with sound business

7 reasons." *In re Baldwin United Corp.*, 43 B.R. 888, 906 (Bankr. S.D. Ohio 1984).  Whether or not

8 there are sufficient business reasons to justify a sale depends upon the facts and circumstances of

9 each case.  *See Lionel*, 722 F.2d at 1071. Bankruptcy courts are given substantial discretion in

10 deciding whether to authorize a sale of a debtor's assets outside of the ordinary course of business.

11 *See In re Chateaugay Corp.*, 973 F.2d 141, 144 (2d Cir. 1992).

12      The paramount goal in any proposed sale of property of the estate is to maximize the

13 proceeds received by the estate.  *See e.g.*, *In re Food Barn Stores, Inc.*, 107 F.3d 558, 564-65 (8th

14 Cir. 2010) (in bankruptcy sales, "a primary objective of the Code [is] to enhance the value of the

15 estate at hand"); *In re Integrated Resources, Inc.*, 147 B.R. 650, 659 (Bankr. S.D.N.Y. 1992) ("It is

16 a well-established principle of bankruptcy law that the . . . [trustee's] duty with respect to such

17 sales is to obtain the highest price or greatest overall benefit possible for the estate.") (*quoting*

18 *Cello Bag Co. Inc. v. Champion Int'l Corp. (In re Atlanta Packaging Prods., Inc.)*, 99 B.R. 124,

19 130 (Bankr. N.D. Ga. 1988)); *995 Fifth Ave., Assocs.*, 96 B.R. 24, 28 (Bankr. S.D.N.Y. 1989).  As

20 long as the sale appears to enhance a debtor's estate, court approval of a trustee's decision to sell

21 should only be withheld if the trustee's judgment is clearly erroneous, too speculative, or contrary

22 to the provisions of the Bankruptcy Code.  *In re Lajijani*, 325 B.R. 282, 289 (B.A.P. 9th Cir. 2005);

23 *GBL Holding Co., Inc. v. Blackburn/Travis/Cole, Ltd.*, 331 B.R. 251, 255 (N.D. Tex. 2005*); In re*

24 *WPRV-TV, Inc.*, 143 B.R. 315, 319 (D.P.R. 1991) ("The trustee has ample discretion to administer

25 the estate, including authority to conduct public or private sales of estate property.  Courts have

26 much discretion on whether to approve proposed sales, but the trustee's business judgment is

27 subject to great judicial deference.").

28

1       The Trustee submits that the sale of the Remnant Assets pursuant to the Purchase

2  Agreement represents a prudent and proper exercise of the Trustee's business judgment under the

3  circumstances, and is in the best interests of creditors of the Debtor's Estate.  Specifically, the

4  Purchase Agreement was negotiated at arm's length and in good faith, and the Trustee believes that

5  the Purchase Price is reasonable and represents fair value.  Other than the Litigation described

6  above, the Trustee is not aware of any future assets or claims that may be liquidated, obtained

7  or otherwise administered, and absent the sale to Oak Point, the Debtor's Estate would not realize

8  any benefit on account of the Remnant Assets.  As to the potential rights pursuant to the Litigation,

9  the settlement that was previously reached is on appeal, and it is highly uncertain when the

10  Litigation will be resolved and whether the Debtor will in fact be the recipient of any funds.  The

11  benefit of receiving immediate payment for the Remnant Assets, which are largely unknown,

12  outweighs the potential benefit of retaining the Remnant Assets.  Finally, the Trustee believes that

13  the cost of pursuing the Remnant Assets will likely exceed the benefit that the Estate would possibly

14  receive.  Therefore, the Trustee respectfully requests that the Court approve the sale of the Remnant

15  Assets to Oak Point.

16  **VI.**    **THE TRUSTEE MAY SELL THE REMNANT ASSETS FREE AND CLEAR OF**

17        **LIENS, CLAIMS AND ENCUMBRANCES**

18       The Trustee seeks this Court's authority to sell the Remnant Assets free and clear of liens

19  pursuant to 11 U.S.C. § 363(f) of the Bankruptcy Code, which provides that:

20
       [t]he trustee may sell property. . . free and clear of any interest in such property of
21       an entity other than the estate, only if _. . .

22          (1)    applicable nonbankruptcy law permits sale of such property free and
          clear of such interest;. . .
23
24          (2)    such entity consents;. . .

25          (3)    such interest is a lien and the price at which such property is to be
          sold is greater than the aggregate value of all liens on such property;

26          (4)    such interest is in bona fide dispute; or

27          (5)    such entity could be compelled, in a legal or equitable proceeding, to
          accept a money satisfaction of such interest.
28

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

1   Because subsections (1) through (5) of Bankruptcy Code § 363(f) are written in the disjunctive,

2   authority to sell the Remnant Assets free and clear of any and all interests therein should be granted

3   if any of the conditions are met with respect to each interest holder.

4         To the extent that there are interests that may be asserted in the Remnant Assets, the Trustee

5   believes that one or more of the aforementioned conditions have been satisfied.  Other than Wells

6   Fargo Bank, N.A. ("Wells Fargo"), the Trustee has received no notice of any such claim, lien or

7   interest and reasonably believes that any asserted lien, claim or interest would be in bona fide

8   dispute.  Moreover, the Trustee intends to notify interested parties through the notice of the motion

9   in accordance with this Court's order limiting notice of certain matters (dkt. no. 595).  Any party

10  objecting to the sale may file their objection and be heard at the hearing on the Motion.  If there is

11  no objection, the parties will be deemed to have consented to the sale of the Remnant Assets.  *See*

12  *Veltman v. Whetzal*, 93 F.3d 517 (8th Cir. 1996) (failure to object to proposed sale, coupled with

13  agreement authorizing sale free of interest, constituted consent); *In re Tabore, Inc.*, 175 B.R. 855

14  (Bankr. D. N.J. 1994) (failure to object to notice of sale or attend hearing deemed consent to sale

15  for purposes of § 363); *In re Shary*, 152 B.R. 724 (Bankr. N.D. Ohio 1993) (state's failure to object

16  to transfer of liquor license constituted consent to sale).  Thus, pursuant to 11 U.S.C. § 363(f)(2),

17  the Trustee may sell the Remnant Assets free and clear of any lien, claim or encumbrance of

18  entities who fail to object because the noticed parties will be deemed to have consented to the sale

19  of the Remnant Assets if they make no objections to the sale.

20        As to the Purchase Price received by the Trustee, those proceeds will be disbursed in

21  accordance with the prior agreement reached between the Debtor and Wells Fargo during the

22  chapter 11 case.  As such, the Trustee believes Wells Fargo will consent to the sale.

23

24

25

26

27

28

**Weiland Golden Goodrich LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

**VII.**   **OAK POINT SHOULD BE DEEMED A "GOOD FAITH PURCHASER"**

**PURSUANT TO 11 U.S.C. § 363(M)**

Section 363(m) of the Bankruptcy Code provides:

> The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

A good faith buyer "is one who buys 'in good faith' and 'for value.'" *Ewell v. Diebert (In re Ewell)*, 958 F.2d 276, 281 (9th Cir. 1992) (*citing In re Abbotts Dairies of Pennsylvania, Inc.*, 788 F.2d 143, 147 (3d Cir. 1986)). "[L]ack of good faith is [typically] shown by 'fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders.'" *Id.* (*quoting Community Thrift & Loan v. Suchy (In re Suchy)*, 786 F.2d 900, 902 (9th Cir. 1985)).

Oak Point should be deemed a good faith purchaser. Oak Point is buying in good faith and has offered what the Trustee believes to be fair value for the Remnant Assets. The anticipated sale of the Remnant Assets has been negotiated with Oak Point in "arms'-length" discussions. *See* Declaration. Moreover, the sale will be properly publicized on the Court's website and is subject to overbid. Based on such facts and circumstances, the Trustee believes that this Court can properly determine Buyer as a "good faith purchaser" pursuant to 11 U.S.C. § 363(m).

**VIII.**   **THE COURT HAS THE AUTHORITY TO IMPLEMENT THE PROPOSED OVERBID PROCEDURES**

Implementation of the bidding procedures is an action outside of the ordinary course of business. 11 U.S.C. § 363(b)(1) provides that a trustee "after notice and hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." Furthermore, under 11 U.S.C. § 105(a), "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." Thus, pursuant to §§ 363(b)(1) and 105(a), this Court may authorize the implementation of overbidding procedures. The bankruptcy court may issue orders determining the terms and conditions for overbids with respect to a sale of estate

1  assets, including specifying the minimum consideration required for an overbid, the particular

2  contractual terms required to be offered by overbidders, and requiring and setting the amount of

3  potential overbidder's deposits.  *In re Crown Corporation*, 679 F.2d 774 (9th Cir. 1982).

4       The Trustee's proposed Bidding Procedures are appropriate and should be approved by the

5  Court.  Here, the overbid procedures proposed by the Trustee are fair and reasonable under the

6  circumstances.  Additionally, the proposed overbid procedures will ensure the sale generates the

7  greatest possible value to the Estate.  Courts have also routinely held that when the sale of assets in

8  bankruptcy is done on a competitive bidding basis, as is proposed herein, it is appropriate to require

9  parties submitting competing bids to submit bids that exceed the existing bid by a specified

10  amount. *See, e.g.*, *In re Financial News Network Inc.*, 931 F.2d 217 (2d Cir. 1991).  Oak Point has

11  expended, and will continue to expend, considerable time, money, and energy pursuing the

12  purchase of the Remnant Assets as proposed herein, and has engaged in good faith, arm's length

13  negotiations with the Trustee.

14  **IX.    TAX CONSEQUENCES OF THE SALE**

15       The Trustee does not anticipate that the sale will create any tax consequences for the Estate.

16  *See* Declaration.

17  **X.    WAIVER OF STAY OF ORDER**

18       To successfully implement the Purchase Agreement, the Trustee also seeks a waiver of the

19  fourteen-day stay under Bankruptcy Rule 6004(h). Under Rule 6004(h), an order authorizing the

20  sale of property is stayed for 14 days after the entry of the order, unless the court orders otherwise.

21  Fed. R. Bankr. P. 6004(h).  The Advisory Committee Note states that the court may, in its

22  discretion, order that the stay is inapplicable so that the sale or assumption may take place

23  immediately upon entry of the order.  Fed. R. Bankr. P. 6004(g) Advisory Committee's Note.

24       Here, the waiver of the stay imposed by Rule 6004(h) is appropriate.  The Court's order

25  granting this Motion must become a final order before the proposed sale can close.  Accordingly, the

26  Trustee requests that the Court waive the stay imposed by Rule 6004(h).

27

28

**Weiland Golden Goodrich LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1370597.1

10

NOTICE OF MOTION AND MOTION

## XI.  **APPROPRIATE NOTICE OF THE SALE IS PROPOSED**

The Trustee proposes to provide notice of the sale to be posted by the Clerk's Office and to serve notice of the sale on the Debtor, the Office of the United States Trustee, Oak Point, and all interested parties entitled to notice in accordance with this Court's order limiting notice of certain matters (dkt. no. 595).  The Trustee submits, and requests that this Court determine, that such notice is proper and adequate; no further notice is required; and that other and further notice be waived.  The Trustee submits, and requests that this Court determine, that such notice is proper and adequate; no further notice is required; and that other and further notice be waived.

## XII.  **CONCLUSION**

Based on the foregoing, the Trustee respectfully requests that this Court enter an order:

1.      Granting the Motion;

2.      Approving the terms of the Purchase Agreement attached to the Declaration as **Exhibit A**;

3.      Approving the Bidding Procedures;

4.      Finding that the Purchase Agreement and Bidding Procedures are fair and reasonable;

5.      Authorizing the Trustee, pursuant to 11 U.S.C. § 363(b) and (f), to sell the Remnant Assets to Oak Point for the Purchase Price ($15,000) as provided in the Motion, free and clear of any and all liens, claims, interests, and encumbrances, with such liens, claims, interests, and encumbrances to attach to the proceeds of the Sale with the same force, effect, and priority as such liens, claims, interests and encumbrances have on the Estate's right to the Remnant Assets, as appropriate, subject to the rights and defenses of the Trustee and any party in interest with respect thereto;

6.      Authorizing the Trustee and the Trustee's professionals to take such actions as are necessary to effectuate the terms of the Purchase Agreement, together with all additional instruments and documents that may be reasonably necessary to implement the Purchase Agreement;

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

1       7.    Granting Oak Point the protections provided to a good faith purchaser under 11

2   U.S.C. § 363(m);

3       8.    Waiving the fourteen-day stay under Bankruptcy Rule 6004(h); and

4       9.    Granting such other and further relief as the Court deems just and proper.

5       Respectfully submitted,

6   Dated:  June 27, 2022    WEILAND GOLDEN GOODRICH LLP

7

8   By:  */s/ Beth E. Gaschen*

9   JEFFREY I. GOLDEN
    BETH E. GASCHEN
    Attorneys for Chapter 7 Trustee

10  Weneta M.A. Kosmala

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Weiland Golden Goodrich LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1370597.1

12

NOTICE OF MOTION AND MOTION

## DECLARATION OF WENETA M.A. KOSMALA

I, Weneta M.A. Kosmala, declare as follows:

1.      I am the duly appointed and acting chapter 7 trustee for the bankruptcy estate of Styles For Less, Inc.  Except as otherwise stated, I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would testify competently to such facts under oath.  I make this Declaration in support of the Motion of Chapter 7 Trustee for an Order Approving the Sale of Certain Assets of the Debtor's Estate Free and Clear of Liens, Claims, Interests and Encumbrances and Related Relief ("Motion").[4]

2.      According to the Court's docket, on or about November 6, 2017, the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  On or about September 11, 2018, the Debtor's bankruptcy case was converted to one under chapter 7 of the Bankruptcy Code, and on or about September 12, 2018, I was appointed as chapter 7 trustee for the Debtor's Estate.

3.      Since being appointed, I have administered the Debtor's Estate for the benefit of its creditors in accordance with my power and duties.  I am now in the process of winding down the administration of this case.  To that end, I have engaged in efforts to ensure that the maximum value of the Estate's remaining assets is realized, which efforts include pursuing the sale of any remaining assets.

4.      I have determined that there might exist property of the Debtor's Estate, consisting of known or unknown assets or claims, which have not been previously sold, assigned, or transferred ("Remnant Assets").

5.      I have conducted due diligence and am aware of one potential Remnant Asset.  The Estate is a class member in, and a potential beneficiary of, the Litigation in which all businesses that accepted Visa and/or MasterCard between January 2004 and January 2019 are eligible claimants.  If there is a judgment in favor of the plaintiffs in the Litigation and such Litigation results in a settlement, or the Litigation and the operative facts, causes of action and/or types of

---

[4] All capitalized terms not defined herein shall have the same meaning as ascribed to them in the Motion.

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

claims for relief alleged therein are otherwise resolved in any way or by any forum in favor of putative class members, the Estate may be entitled to a monetary recovery.  As a member of the Class in the Litigation, I have a right, now or in the future, to benefits arising from the Litigation, including the right to a monetary recovery.  The settlement of the Litigation currently is on appeal, and the timing of the resolution of that appeal and/or the Litigation is uncertain.  This asset was not listed by the Debtor in its bankruptcy schedules.

6.    I received a previous offer on the Litigation that was withdrawn.

7.    I have determined that the cost of pursuing the Remnant Assets will likely exceed the benefit that the Estate would possibly receive on account of the Remnant Assets.

8.    As set forth in the Motion, subject to Court approval, I have entered into the Purchase Agreement with Oak Point, to purchase the Estate's right, title, and interest in and to the Remnant Assets.  A true and correct copy of the Purchase Agreement with Oak Point is attached hereto as **Exhibit "A."**

9.    Oak Point has agreed to pay $15,000 ("Purchase Price") for the Remnant Assets.  I believe that the Purchase Price for the Remnant Assets is reasonable, for fair value, and was negotiated at arm's length and in good faith.

10.    I have not been contacted by any potential overbidders for the Remnant Assets, and I do not believe that there are any viable alternative purchasers for the Remnant Assets.

11.    I do not anticipate that the sale will create any tax consequences for the Estate.

12.    The sale is subject to overbid to ensure that the highest and best price is received for the Remnant Assets.

13.    As to the Purchase Price, those proceeds will be disbursed in accordance with the prior agreement reached between the Debtor and Wells Fargo during the chapter 11 case.

///

///

///

**Weiland Golden Goodrich LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

1    15.    Oak Point is buying in good faith and has offered fair value for the Remnant Assets.

2    The anticipated sale of the Remnant Assets has been negotiated with Oak Point in "arms'-length"

3    discussions.

4    I declare under penalty of perjury that the foregoing is true and correct.

5    Executed on this ____23ʳᵈ____ day of June, 2022, at _____, _____.

6

7    _____

8    Weneta M.A. Kosmala

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

1370597.1                                15                NOTICE OF MOTION AND MOTION

# EXHIBIT A

## ASSET PURCHASE AGREEMENT

**THIS ASSET PURCHASE AGREEMENT** (this "Agreement"), dated as of June 24, 2022, is by and between **WENETA M.A. KOSMALA, not individually, but solely as chapter 7 trustee** ("Trustee" or "Seller") for the **BANKRUPTCY ESTATE** ("Estate") **of STYLES FOR LESS, INC.** ("Debtor"), and **OAK POINT PARTNERS, LLC** ("Purchaser").

## WITNESSETH:

**WHEREAS**, on or about November 6, 2017, the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Central District of California, Santa Ana Division ("Court"), assigned Case No. 8:17-bk-14396-MW;[1] and

**WHEREAS**, on or about September 11, 2018, the Debtor's bankruptcy case was converted to a case under chapter 7 of the Bankruptcy Code, and on or about September 12, 2018, the Trustee was appointed as chapter 7 trustee of the Debtor's Estate; and

**WHEREAS**, at the time of the execution of this Agreement and continuing into the future, there may be property of the Estate remaining, consisting of known or unknown assets or claims which have not been previously sold, assigned, or transferred (collectively, "Remnant Assets"); and

**WHEREAS**, Remnant Assets specifically **exclude**: (a) cash held at the time of this Agreement in the Seller's fiduciary bank account for the Debtor's case; provided, however, that any cash that exists in such bank account one year from the date of the closing of the Debtor's case, except as provided in sub provision (b) herein, shall be Remnant Assets; (b) any returned or undeliverable creditor claim distribution checks that require administration in accordance with 11 U.S.C. § 347(a); (c) any and all Goods[2] (e.g., office furniture) of the Debtor; (d) the books and records used by the Debtor in the ordinary course of business, but excluding any recent statements, notices or correspondence received by the Seller relating to Remnant Assets specifically acquired in this Agreement; and (e) the Purchase Price (as hereinafter defined) to be delivered pursuant hereto; and

**WHEREAS**, subject to Court approval, Seller has the power and authority to sell and assign all right, title and interest in and to the Remnant Assets to Purchaser, including, but not limited to the proceeds thereof.

**NOW THEREFORE**, in consideration of the promises and mutual undertakings herein contained, Seller and Purchaser agree as follows:

1. **Purchase Price.** The Purchase Price shall be good funds in the amount of Fifteen Thousand and No/100 Dollars ($15,000.00) payable within 3 business days of receipt by Purchaser of this executed Agreement and the entry of a non-appealable Order of the Court approving this Agreement.

2. **Assignment of Remnant Assets.** Seller hereby irrevocably and unconditionally sells, assigns, transfers and conveys to Purchaser all of Seller's right, title and interest under, in and to the Remnant Assets, as well as any and all claims and rights related to the Remnant Assets, including, without limitation, all cash, securities, instruments and other property that may be paid or issued in conjunction with the Remnant Assets and all amounts, interest, and costs due under the Remnant Assets.

---

[1] Pursuant to the Administrative Order 22-04 dated February 10, 2022, the case was reassigned to the Honorable Erithe A. Smith, Case No. 8:17-bk-14396-ES.

[2] The term "Goods" as used herein shall have the meaning ascribed to it under § 9-102(a)(44) of the Uniform Commercial Code.

1

3.  **Authority to Sell.**  Subject to Court approval, the sale of the Remnant Assets by Seller is made pursuant to the authority vested in Seller.

4.  **Payments Received on Remnant Assets.**  Seller further agrees that any payments received by Seller on account of any Remnant Assets shall constitute property of Purchaser to which Purchaser has an absolute right, and that Seller will promptly deliver such payment to Purchaser at Purchaser's address set forth below.  Seller agrees to use reasonable efforts to forward to Purchaser notices received with respect to any Remnant Assets.

5.  **Seller's Representations and Warranties.**  In consideration of Purchaser's agreements herein and to induce Purchaser to enter into this Agreement, Seller represents and warrants to Purchaser that Seller has full lawful right, title, power and authority to enter into this Agreement and to convey Seller's interest to Purchaser in the Remnant Assets as is set forth in this Agreement.

**EXCEPT AS SPECIFICALLY SET FORTH HEREIN, SELLER SELLS, ASSIGNS, AND TRANSFERS THE REMNANT ASSETS TO PURCHASER "AS IS, WHERE IS" WITHOUT ANY REPRESENTATIONS OR WARRANTIES WHATSOEVER, WHETHER EXPRESS, IMPLIED OR IMPOSED BY LAW.**

6.  **Free and Clear Sale.**  The sale of Remnant Assets shall be free and clear of any liens, claims, or encumbrances pursuant to 11 U.S.C. § 363(f).

7.  **No Assumption of Liabilities.**  Notwithstanding any other provision of this Agreement, the parties agree that Purchaser is acquiring only the Remnant Assets and rights and interests related thereto, and that Purchaser is not acquiring or assuming, nor shall it be deemed to have acquired or assumed, any liabilities or obligations, including lien obligations, of Seller or its affiliates of any kind or nature, whatsoever, whether known or unknown, existent or future, arising out of, or in connection with, the Remnant Assets, except as may otherwise expressly be provided herein.

8.  **Documents of Assignment.**  From time to time upon request from Purchaser, Seller shall execute and deliver to Purchaser such documents reasonably requested by Purchaser to evidence and effectuate the transfer contemplated by this Agreement in a form reasonably acceptable to the parties hereto.  However, Purchaser shall reimburse Seller for its reasonable costs associated with such compliance.

9.  **Limited Power of Attorney.**  Solely with respect to the Remnant Assets, and to the extent permitted by law, Seller hereby irrevocably appoints Purchaser as its true and lawful attorney and authorizes Purchaser to act in Seller's stead, to demand, sue for, compromise and recover all such amounts as now are, or may hereafter become, due and payable for or on account of the Remnant Assets herein assigned. Seller grants unto Purchaser full authority to do all things necessary to enforce the transfer of the Remnant Assets to Purchaser and its rights thereunder pursuant to this Agreement.

10. **Entire Agreement.**  This Agreement embodies the entire agreement and understanding between Seller and Purchaser and supersedes any and all prior agreements and understandings with respect to the subject matter hereof. This Agreement may not be amended or in any manner modified unless such amendment or modification is in writing and signed by both parties.

11. **Benefits and Binding Effect.**  All provisions contained in this Agreement or any document referred to herein or relating hereto shall inure to the benefit of and shall be binding upon the respective successors and assigns of Seller and Purchaser.

12. **Governing Law.**  This Agreement shall be governed by and construed in accordance with the internal laws of the State of California, without giving effect to choice of law principles of the State of California.

2

13. **Counterparts**.  This Agreement may be executed in one or more counterparts, each of which shall be deemed an original but all of which together will constitute one and the same instrument, and copies or facsimiles of execution signatures shall be equivalent to original signatures.

**THIS AGREEMENT** has been duly executed as of the day and year first above written.


**OAK POINT PARTNERS, LLC**

By: _____

Name:  ERIC LINN

Its:  President

Address *(for regular mail and mail forwarding)*: PO Box 1033, Northbrook, IL 60065-1033

Address *(for overnight delivery)*: 5215 Old Orchard Road, Suite 1000, Skokie, IL 60077

Tel (847) 577-1269      Fax (847) 655-2746


**STYLES FOR LESS, INC. BANKRUPTCY ESTATE**

By: _____

Name:  WENETA M.A. KOSMALA

Its:  Chapter 7 Trustee

Address: c/o Law Offices of Weneta M.A. Kosmala, 4425 Jamboree, Suite 183, Newport Beach, CA 92660

Tel (714) 708-8190        Fax (949) 382-1445        Email: wkosmala@kosmalalaw.com

3

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**650 Town Center Drive, Suite 600, Costa Mesa, California 92626**

A true and correct copy of the foregoing document entitled (*specify*): **NOTICE OF MOTION AND MOTION OF CHAPTER 7 TRUSTEE FOR AN ORDER APPROVING SALE OF CERTAIN ASSETS OF THE DEBTOR'S ESTATE FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES PURSUANT TO 11 U.S.C. §§ 105 AND 363 AND RELATED RELIEF** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

1.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) June 27, 2022, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

2.  **SERVED BY UNITED STATES MAIL**:  On (*date*) June 27, 2022, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒ Service information continued on attached page

3.  **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| June 27, 2022 | Gloria Estrada | *Gloria Estrada* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                      **F 9013-3.1.PROOF.SERVICE**

**I.  SERVED TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

- Anerio V Altman    LakeForestBankruptcy@jubileebk.net, lakeforestpacer@gmail.com
- Kyra E Andrassy    kandrassy@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
- Reem J Bello    rbello@goeforlaw.com, kmurphy@goeforlaw.com
- Bernard D Bollinger    bbollinger@buchalter.com, IFS_filing@buchalter.com;smartin@buchalter.com
- Dustin P Branch    branchd@ballardspahr.com, carolod@ballardspahr.com;hubenb@ballardspahr.com
- Ronald K Brown    ron@rkbrownlaw.com
- Eric W Burkhardt    castlesb@aol.com, carissa@beallandburkhardt.com
- John P Dillman    houston_bankruptcy@publicans.com
- Glen Dresser    gombd@aol.com
- Beth Gaschen    bgaschen@wgllp.com, kadele@wgllp.com;cbmeeker@gmail.com;cyoshonis@wgllp.com;lbracken@wgllp.com;bgaschen@ecf.courtdrive.com;gestrada@wgllp.com
- Jeffrey I Golden    jgolden@wgllp.com, kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;gestrada@wgllp.com
- Leon B Gordon    bankruptcy@mvbalaw.com;jwilliams@mvbalaw.com;alocklin@mvbalaw.com;tleday@ecf.courtdrive.com;kmorriss@mvbalaw.com
- Josephine Groh    jgroh@wwhgd.com
- Steven T Gubner    sgubner@bg.law, ecf@bg.law
- Brian T Harvey    bharvey@buchalter.com, IFS_filing@buchalter.com;dbodkin@buchalter.com
- Michael J Hauser    michael.hauser@usdoj.gov
- Garrick A Hollander    ghollander@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com
- Brian D Huben    hubenb@ballardspahr.com, carolod@ballardspahr.com
- William W Huckins    whuckins@allenmatkins.com, clynch@allenmatkins.com;igold@allenmatkins.com
- Courtney J Hull    bk-chull@oag.texas.gov, sherri.simpson@oag.texas.gov
- Weneta M.A. Kosmala (TR)    ecf.alert+Kosmala@titlexi.com, wkosmala@txitrustee.com;dmf@txitrustee.com;kgeorge@kosmalalaw.com
- Kenneth T Law    ken@bbslaw.com
- Andrew B Levin    ablevin@mintz.com, Meir@virtualparalegalservices.com;pj@wcghlaw.com;jmartinez@wcghlaw.com
- Wendy A Loo    wendy.loo@lacity.org
- Robert S Marticello    Rmarticello@swelawfirm.com, gcruz@swelawfirm.com;lgarrett@swelawfirm.com;jchung@swelawfirm.com
- Byron B Mauss    bmauss@swlaw.com, idelgado@swlaw.com
- Kevin Meek    kmeek@robinskaplan.com, kevinmeek32@gmail.com;kmeek@ecf.inforuptcy.com
- Christopher C Miles    christopher.miles@huschblackwell.com
- Kevin M Newman    knewman@barclaydamon.com, kmnbk@barclaydamon.com;kevin-newman-8809@ecf.pacerpro.com
- Sean A OKeefe    sokeefe@okeefelc.com, seanaokeefe@msn.com
- Marvin Maurice Oliver    moliverlaw@mindspring.com, r46425@notify.bestcase.com
- John D Ott    Jott@jdolawyers.com
- Ernie Zachary Park    ernie.park@bewleylaw.com
- Kristen N Pate    bk@bpretail.com
- Jennifer Pruski    jpruski@trainorfairbrook.com
- Michael A Shakouri    mshakouri@goodkinlaw.com, rnolan@pdv-llc.com
- Michelle E Shriro    mshriro@singerlevick.com, scotton@singerlevick.com
- Valerie Smith    claims@recoverycorp.com
- Owen M Sonik    osonik@pbfcm.com, tpope@pbfcm.com
- Don Stecker    don.stecker@lgbs.com
- Corey E Taylor    corey@taylorlawoc.com
- Robert C Thorn    terry.devlin@kts-law.com
- Leslie A Tos    Ltos@farmerandready.com, smeyer@farmerandready.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

- Ronald M Tucker    rtucker@simon.com, cmartin@simon.com;psummers@simon.com;Bankruptcy@simon.com
- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov
- Renee B Weiss    rweiss@ddr.com
- Elizabeth Weller    Dora.Casiano-Perez@lgbs.com
- Eric R Wilson    kdwbankruptcydepartment@kelleydrye.com, MVicinanza@ecf.inforuptcy.com
- Marc J Winthrop    mwinthrop@wghlawyers.com, jmartinez@wghlawyers.com
- Helen Wong    helenwong.law@gmail.com

## II.  SERVED BY U.S. MAIL:

United States Trustee
411 W. Fourth Street, Suite 7160
Santa Ana, CA 92701-4593

Oak Point Partners, LLC
Attn: Eric Linn
5215 Old Orchard Rd., Suite 1000
Skokie, IL 60077

Oak Point Partners, LLC
Attn: Eric Linn
P.O. Box 1033
Northbrook, IL 60065

Styles for Less, Inc.
Attn: Officer/Agent
620 Via Lido Sound
Newport Beach, CA 92663

### 20 Largest Unsecured Creditors
Emma Footwear Int'l Corp.
c/o Coface North America
Insurance Company
50 Millstone Rd., Bldg. 100, Ste. 360
East Windsor, NJ 08520

Meadowood Mall, SPE, LLC
c/o Simon Property Group, LP
225 West Washington St.
Indianapolis, IN 46204

Eastvale Gateway III, LLC
WLPX Hesperia, LLC
c/o Lewis Management Corp.
Mario A. Pichardo
1156 N. Mountain Ave.
Upland, CA 91786

Anthem Blue Cross
21555 Oxnard Street
Woodland Hills, CA 91367

August Deangelo II
620 Via Lido Soud
Newport Beach, CA 92663

DDR Palm Valley Pavilions, LLC
Attn: Managing Member
3300 Enterprise Parkway
Beachwood, OH 44122

BRE DDR BR Eastland CA LLC
Attn: Managing Member
3300 Enterprise Parkway
Beachwood, OH 44122

BPP Southern Palm LLC
c/o Linda Madway, Esq.
Senior Vice President & General Counsel
Shopcore Properties
307 Fellowship Rd., Ste. 116
Mount Laurel, NJ 08054

BPP Southern Palm LLC
c/o Kelly Drye & Warren LLP
Attn: Robert L. LeHane, Esq.
101 Park Avenue
New York, NY 10178

Ambiance USA, Inc. dba
Ambiance Apparel
Attn: Officer/Agent
2415 E. 15th Street
Los Angeles, CA 90021

Sarm Five Points Plaza, LLC
Attn: Managing Member
8905 Town Center Drive, Ste. 108
San Diego, CA 92122

Pacific Carmel Mountain Holdings, L.P.
c/o American Assets Trust Management, LLC
11455 El Camino Real, Suite 200
San Diego, CA 92130

PBA II, LLC
c/o Ballard Spahr LLP
Attn: Dustin P. Branch
2029 Century Park East, Suite 800
Los Angeles, CA 90067

KC Exclusive, Inc. dba Zenana
c/o Lee, Han & Paciocco LLP
660 S. Figueroa St., Suite 1960
Los Angeles, CA 90017

Rancho Northwest Crossing, LLC
c/o USA Properties, Inc.
Attn: Michael Kucinski
476 Broadway
Chula Vista, CA 91910

Sand Creek Crossing, PC
800 S. Broadway, Suite 200
Walnut Creek, CA 94596

Teachers Insurance and Annuity Associate of America
c/o Allen Matkins Leck Gamble, et al.
Attn: Ivan M. Gold
3 Embarcadero Center, 12th Floor
San Francisco, CA 94111

Emily Greene
c/o Paul Haines
222 N. Sepulveda Blvd., Ste. 1550
El Segundo, CA 90245

State of Nevada Dept. of Taxation
555 E. Washington Ave., Ste. 1300
Las Vegas, NV 89101

Adam Tala Inc.
Attn: Arian Parvizi, Vice President
733 S. Spring St.
Los Angeles, CA 90014

State of Florida – Dept. of Revenue
c/o Frederick F. Rudzik, Esq.
P.O. Box 6668
Tallahassee, FL 32314-6668

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**

**Secured Creditors**

Los Angeles County Treasurer &
Tax Collector
Attn: Oscar Estrada, Tax Services
Specialist
PO Box 54110
Los Angeles, CA 90054

Riverside County Treasurer-Tax
Collector
4080 Lemon St., 4th Floor
Riverside, CA 92501

The County of Williamson Texas,
et al.
c/o McCreary, Veselka, Bragg &
Allen, P.C.
Attn: Lee Gordon
P.O. Box 1269
Round Rock, TX 78680-1269

Bexar County
c/o Linebarger Goggan Blair &
Sampson, LLP
711 Navarro St., Ste. 300
San Antonio, TX 78205

Tarrant County
c/o LINEBARGER GOGGAN
BLAIR & SAMPSON, LLP
Attn: Elizabeth Weller
2777 N. Stemmons Freeway, Ste.
1000
Dallas, TX 75207

Lewisville ISD
c/o LINEBARGER GOGGAN
BLAIR & SAMPSON, LLP
Attn: Elizabeth Weller
2777 N. Stemmons Freeway, Ste.
1000
Dallas, TX 75207

Northwest ISD
c/o LINEBARGER GOGGAN
BLAIR & SAMPSON, LLP
Attn: Elizabeth Weller
2777 N. Stemmons Freeway, Ste.
1000
Dallas, TX 75207

Harris County, et al.
c/o Linebarger Goggan Blair &
Sampson, LLP
Attn: John P. Dillman
PO Box 3064
Houston, TX 77253-3064

Galveston County
c/o Linebarger Goggan Blair &
Sampson, LLP
Attn: John P. Dillman
PO Box 3064
Houston, TX 77253-3064

Cypress – Fairbanks ISD
c/o Linebarger Goggan Blair &
Sampson, LLP
Attn: John P. Dillman
PO Box 3064
Houston, TX 77253-3064

Fort Bend County
c/o Linebarger Goggan Blair &
Sampson, LLP
Attn: John P. Dillman
PO Box 3064
Houston, TX 77253-3064

Wells Fargo Bank, N.A.
c/o Assayag Mauss, LLP
Attn: Byron Mauss
2915 Red Hill Ave., Suite A200
Costa Mesa, CA 92626

Ellis County
c/o Linebager Goggan Blair &
Sampson, LLP
Attn: Elizabeth Weller
2777 N. Stemmons Freeway, Ste.
1000
Dallas, TX 75207

The County of Brazos, Texas
c/o McCreary, Veselka, Bragg &
Allen, P.C.
Attn: Lee Gordon
P.O. Box 1269
Round Rock, TX 78680-1269

The County of Comal, Texas
c/o McCreary, Veselka, Bragg &
Allen, P.C.
Attn: Lee Gordon
P.O. Box 1269
Round Rock, TX 78680-1269

The County of Denton, Texas
c/o McCreary, Veselka, Bragg &
Allen, P.C.
Attn: Lee Gordon
P.O. Box 1269
Round Rock, TX 78680-1269

The County of Hays, Texas
c/o McCreary, Veselka, Bragg &
Allen, P.C.
Attn: Lee Gordon
P.O. Box 1269
Round Rock, TX 78680-1269

San Marcos CISD
Attn: Diane W. Sanders
P.O. Box 17428
Austin, TX 78760

Rockwall CAD
c/o Linebager Goggan Blair &
Sampson, LLP
Attn: Elizabeth Weller
2777 N. Stemmons Freeway, Ste.
1000
Dallas, TX 75207

Travis County
c/o Kay D. Brock
P.O. Box 1748
Austin, TX 78767

Alief Independent School District
Attn: Owen M. Sonik
1235 North Loop West, Ste. 600
Houston, TX 77008

Humble Independent School
District
Attn: Owen M. Sonik
1235 North Loop West, Ste. 600
Houston, TX 77008

Tomball Independent School
District
Attn: Owen M. Sonik
1235 North Loop West, Ste. 600
Houston, TX 77008

City of Tomball
Attn: Owen M. Sonik
1235 North Loop West, Ste. 600
Houston, TX 77008

Harris County Municipal Utility
District #132
Attn: Owen M. Sonik
1235 North Loop West, Ste. 600
Houston, TX 77008

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

Harris County Municipal Utility
District #346
Attn: Owen M. Sonik
1235 North Loop West, Ste. 600
Houston, TX 77008

West Harris County Municipal
Utility District #6
Attn: Owen M. Sonik
1235 North Loop West, Ste. 600
Houston, TX 77008

Fort Bend County Levee
Improvement District #12
Attn: Owen M. Sonik
1235 North Loop West, Ste. 600
Houston, TX 77008

Fort Bend County Municipal Utility
District #50
Attn: Owen M. Sonik
1235 North Loop West, Ste. 600
Houston, TX 77008

Orange County Tax Collector
PO Box 545100
Orlando, FL 32854

Harris County MUD #257
Attn: Ted A. Cox
2855 Mangum, Ste. 100
Houston, TX 77092

Dickinson Independent School
District
Attn: Owen M. Sonik
1235 North Loop West, Ste. 600
Houston, TX 77008

Brevard County Tax Collector
P.O. Box 2500
Titusville, FL 32781

Brevard County Tax Collector
P.O. Box 2500
Titusville, FL 32781
Volusia County Revenue Division
Volusia County – Bankruptcy Clerk
123 W. Indiana Ave., Rm. 103
DeLand, FL 32720

City of Baytown
c/o Randal B. Strong
407 W. Baker Rd., Ste. T
Baytown, TX 77521

San Marcos CISD
Attn: Diane W. Sanders
P.O. Box 17428
Austin, TX 78760

Tarrant County
c/o Linebarger Goggan Blair &
Sampson, LLP
Attn: Elizabeth Weller/Laurie
Spindler
2777 N. Stemmons Frwy Ste. 1000
Dallas, TX 75207

City of Lake Worth
500 E Border St., Ste. 640
Arlington, TX 76010

Travis County
c/o Kay D. Brock
P.O. Box 1748
Austin, TX 78767

Briana Johnson
Clark County Assessor
P.O. Box 551401
Las Vegas, NV 89155

Anbil II-Rio, LP
Attn: Managing Partner
1201 Louisiana St. #440
Houston, TX 77002

Sacramento County
County Counsel
700 H Street, Suite 2650
Sacramento, CA 95814

Crossroads Financial Group, LLC
Attn: Corporate Officer
200 S. College St., #1400
Charlotte, NC 28202-2098

State of California
Employment Development Dept.
800 Capitol Mall
Sacramento, CA 95814-4807

State of Texas Comptroller
LA SVC Center
17777 Center Court Dr., #700
Cerritos, CA 90703

Vicki L. Stocker – NO ADDRESS

Wells Fargo Bank, N.A.
Attn: Legal Department
1000 Lakes Dr., #250
West Covina, CA 91790-2916

Woolbright Wakeva
Attn: Corporate Officer
2240 NW 19th St. #801
Boca Raton, FL 33431-7358

Razor Ranch Marketplace
Associates, LLC
Attn: Managing Member
4500 Bissonette St., Ste. 300
Bellaire, TX 77401

**RSN**
City of Lake Worth & Mansfield
ISD
c/o Eboney Cobb
Perdue, Brandon, Fielder, Collins
& Mott, L.L.P.
500 E. Border St., Ste. 640
Arlington, TX 76010

Island Pacific Systems, Inc.
c/o Scott F. Gautier/Kevin D. Meek
Robins Kaplan LLP
2049 Century Park East, Suite
3400
Los Angeles, CA 90067

Sand Creek Crossing, LLC
c/o Clifford R. Horner
Horner Law Group, PC
800 S. Broadway, Ste. 200
Walnut Creek, CA 94596

Anthony DiTirro
Rosenthal & Rosenthal, Inc.
1370 Broadway
New York, NY 10018

Ikeddi Imports, LLC
c/o Lazarus & Lazarus, P.C.
Attn: Harlan M. Lazarus Esq.
240 Madison Avenue, 8th Floor
New York, NY 10016

Project 28 Clothing LLC
c/o Lazarus & Lazarus, P.C.
Attn: Harlan M. Lazarus Esq.
240 Madison Avenue, 8th Floor
New York, NY 10016

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

Northwoods Center III, Inc.
c/o Goodkin & Lynch LLP
Attn: Michael A. Shakouri, Esq.
1875 Century Park East, Suite
1860
Los Angeles, CA 90067

DS Properties 17 LP
c/o Trainor Fairbrook
Attn: Jennifer L. Pruski Esq.
P.O. Box 255824
Sacramento, CA 95865

DDR Corp.
c/o Kelly Drye & Warren LLP
Attn: Robert L. LeHane, Esq.
101 Park Avenue
New York, NY 10178

Rouse Properties LLC
c/o Kelly Drye & Warren LLP
Attn: Robert L. LeHane, Esq.
101 Park Avenue
New York, NY 10178

Shopcore Properties, L.P.
c/o Kelly Drye & Warren LLP
Attn: Robert L. LeHane, Esq.
101 Park Avenue
New York, NY 10178

Warland Investment Company
c/o King & Parret, A.P.C.
Attn: Charles W. Parret, Esq.
450 Newport Center Drive, Ste.
500
Newport Beach, CA 92660

1040 Grant Road Associates III
c/o Ballard Spahr LLP
Attn: Dustin P. Branch, Esq.
2029 Century Park East, Ste. 800
Los Angeles, CA 90067

1040 Grant Road Associates III
c/o Ballard Spahr LLP
Attn: David L. Pollack, Esq.
1735 Market Street, 51st Floor
Philadelphia PA 19103

Brixmore Property Group, Inc.
c/o Ballard Spahr LLP
Attn: Dustin P. Branch, Esq.
2029 Century Park East, Ste. 800
Los Angeles, CA 90067

Brixmore Property Group, Inc.
c/o Ballard Spahr LLP
Attn: David L. Pollack, Esq.
1735 Market Street, 51st Floor
Philadelphia PA 19103

Manteca Lifestyle Center, LLC
c/o Ballard Spahr LLP
Attn: Dustin P. Branch, Esq.
2029 Century Park East, Ste. 800
Los Angeles, CA 90067

Manteca Lifestyle Center, LLC
c/o Ballard Spahr LLP
Attn: David L. Pollack, Esq.
1735 Market Street, 51st Floor
Philadelphia PA 19103

Peninsula Boardwalk Associates
c/o Ballard Spahr LLP
Attn: Dustin P. Branch, Esq.
2029 Century Park East, Ste. 800
Los Angeles, CA 90067

Peninsula Boardwalk Associates
c/o Ballard Spahr LLP
Attn: David L. Pollack, Esq.
1735 Market Street, 51st Floor
Philadelphia PA 19103

Solano Mall, LP
c/o Ballard Spahr LLP
Attn: Dustin P. Branch, Esq.
2029 Century Park East, Ste. 800
Los Angeles, CA 90067

Solano Mall, LP
c/o Ballard Spahr LLP
Attn: David L. Pollack, Esq.
1735 Market Street, 51st Floor
Philadelphia PA 19103

Simon Property Group, Inc.
Attn: Ronald M. Tucker, Esq.
225 West Washington Street
Indianapolis, IN 46204

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**